UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MARIA MONTALVO,

        Plaintiff,      CV-07-7973

-against-             STIPULATION & ORDER

SHAUN DONOVAN, as Commissioner of the New York
City Department of Housing Preservation and
Development (HPD), ROBERT DOAR, as Commissioner
of the New York City Human Resources
Administration (HRA), ELSIE DEL CAMPO, as
Commissioner of the New York City HIV/AIDS
Services Administration (HASA), THE LANTERN GROUP,
INC., and SCHAFER HALL, LP,

        Defendants.
------------------------------------------------------------------------x




IT IS HEREBY STIPULATED BY THE PARTIES HEREIN:

  WHEREAS, the plaintiff commenced this action, by Complaint dated September 11, 2007, alleging, inter alia, that defendants are in violation of plaintiff's rights as guaranteed by federal statutes and the regulations promulgated thereunder, due to an alleged failure to calculate plaintiff's rental contribution pursuant to federal law;

  WHEREAS, defendants do not acknowledge liability under any of the claims in the complaint; and

  WHEREAS, the parties desire to settle this action on terms and conditions just and fair to all parties;

  WHEREAS, the plaintiff and her landlord, Schafer Hall, LP have separately reached an agreement on the plaintiff's current rent obligation of $391.70 per month and the amount of arrears due to date in the amount of $4,355.33, for the purposes of settlement between those parties in which the City of New York takes no part;

  **NOW, THEREFORE, IT IS HEREBY AGREED**, by and among the parties as represented below, as follows

  1. Plaintiff's share of her rent will be the greater of the following:
    a. Thirty percent (30%) of her adjusted income,
    b. Ten percent (10%) of her gross income, or

    c. If Plaintiff receives welfare payments or rent assistance, the amount of such payments specifically designated by the public agency for housing costs.

2.  Plaintiff's share of her rent will be periodically readjusted to reflect changes in household income.

3.  The method for determining Plaintiff's share of her rent as described above in paragraphs "1" and "2" of this stipulation governs Plaintiff's rent share so long as Plaintiff resides at the premises known as Schafer Hall with address of 117 East 118th Street, Apartment 201, New York, New York 10035.

4.  The above method for determining Plaintiff's share of her rent is as provided by the Regulatory Agreement between Schafer Hall, LP and HPD dated April 27, 1999, as amended on November 19, 2004.

5.  The terms of the Regulatory Agreement and paragraph "1" of this stipulation are consistent with HOPWA and its implementing regulations including 24 C.F.R. § 574.310.

6.  This stipulation is without prejudice to the parties' rights in the event of any changes to HOPWA, its implementing regulations and any other governing statutes and regulations.

7.  This stipulation is without prejudice to the claims of any party with respect to Plaintiff's application to any City or State agency for emergency assistance to pay the outstanding rental arrears.

8.  This agreement regarding Plaintiff's rent share is also without prejudice to the claims of any party with respect to the owner's (Schafer Hall, LP's) right to accept rental subsidies from third parties in addition to the share paid by Plaintiff.

9.  The stay of the pending Civil Court proceeding is hereby vacated without prejudice to any applications for relief that may be made by the parties in that forum.

10.  The Lantern Group, Inc., is dismissed as a defendant in this action as an improper party, and is not a party to this stipulation except in so far as to be removed from this proceeding.

11.  Based on the above terms, the within action is discontinued with prejudice, and without costs or attorney's fees to any party.

12.  Plaintiff agrees to dismissal of all the claims against all defendants, and to release all defendants, their successors or assigns, and all present or former officials, employees, representatives and agents of The City of New York from any and all liability, claims, and/or rights of action arising from the allegations set forth in the Complaint herein, whether known or unknown, which she had, may now have, or may have in the future, including all claims for costs, expenses and attorneys' fees.

13. Plaintiff shall execute and deliver to defendants' attorneys all documents necessary to effectuate this settlement, including, without limitation, a release based on the terms of paragraph "12" above, being substantially in the form annexed hereto as Exhibit A.

14. Plaintiff makes no claim of or for vicarious liability against any other party, whether named or unnamed, for any acts or omissions of the defendants or their related entities, agents, servants, faculty, and employees alleged in the complaint.

15. Nothing contained herein shall be deemed to be an admission by any of the defendants or any of their employees of any of the plaintiff's allegations, nor an admission by the defendants of any liability or that they have in any manner or way violated plaintiff's rights or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, charters, by-laws, rules or regulations of the United States, the State of New York, or the City, or any other rules, regulations or bylaws of any department or subdivision of the City. Nothing contained herein shall be deemed to constitute a policy or practice of the City.

16. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation regarding the subject matter of the instant action and appeal shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

17. This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except as it relates to Plaintiff and the subject matter of this litigation as it relates to Plaintiff.

Dated: New York, New York
January 29, 2008

_____
by:   Ime Imeh, Esq.
MANHATTAN LEGAL SERVICES
Attorneys for Plaintiffs
55 West 125th Street, 10th Floor
New York, New York 10027
(212) 348-7449
Attorneys for Plaintiff

_____
by:   Andrew Stern, Esq.
SPERBER, DENEBERG & KAHAN, P.C
48 West 37th Street, 16th Floor
New York, New York 10018
Attorneys for Defendants THE LANTERN GROUP, INC. and SCHAFER HALL, LP

_____
by:   Martin Bowe, Esq.
MICHAEL CARDOZO, ESQ.
CORPORATION COUNSEL
OF THE CITY OF NEW YORK

So Ordered:
2/19/08

100 Church Street
New York, NY 10007
Attorneys for Defendants SHAUN DONOVAN, as Commissioner of the New York City Department of Housing Preservation and Development (HPD), ROBERT DOAR, as Commissioner of the New York City Human Resources Administration (HRA), ELSIE DEL CAMPO, as Commissioner of the New York City HIV/AIDS Services Administration (HASA)

**Exhibit A**

**RELEASE**

KNOW THAT I, MARIA MONTALVO, plaintiff in the action entitled Montalvo v. Donovan, et al., 07 CV 7973 (SAS), in consideration of the execution of the Stipulation & Order in this matter, do hereby release and discharge the defendants SHAUN DONOVAN, ROBERT DOAR, ELSIE DEL CAMPO and their successors or assigns; and The City of New York; and all past and present officials, employees, representatives and agents of the New York City Department of Housing Preservation, the New York City Human Resources and the New York City HIV/AIDS Services Administration, from any and all claims plaintiff may have against City Defendants relating to and/or arising from the allegations set forth in the Complaint herein including for attorney's fees, costs and disbursements accrued in this action.

This Release may not be changed orally.

THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.

_Maria Montalvo_ (signature)
Maria Montalvo

IN WITNESS WHEREOF, I have executed this Release this 24th day of January, 2008.

STATE OF NEW YORK COUNTY OF NY    SS.: New York

On January 24th, 2008 before me personally came MARIA MONTALVO to me known, and known to me to be the individual described in, and who executed the foregoing RELEASE, and duly acknowledged to me that she executed the same.

_____ (signature)
NOTARY

Juliette Hall
Notary Public, State of New York
No. 02HA6160198
Qualified in New York County
Commission Expires 1/25/20\_\_